IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TRACEY CUNNINGHAM, *et al.*,  :
                             :
    Plaintiffs,              :
                             :
    v.                       :    CIVIL ACTION NO.
                             :    1:16-CV-533-RWS
FULTON COUNTY, *et al.*,      :
                             :
    Defendants.              :
                             :
                             :
                             :

## ORDER

This case is before the Court on Plaintiffs' Motion to Certify Class [14] and Defendants' Motion to Dismiss Plaintiffs' Complaint, or Alternatively Motion for a More Definite statement [20]. After reviewing the record, the Court enters the following Order.

### Background

This is a putative class action brought under the Fair Labor Standards Act ("FLSA"). As of now, Plaintiffs include over five hundred employees of the Fulton County Sheriff's Office. Defendants include Fulton County, Georgia ("the County"); Fulton County Sheriff Theodore Jackson; and seven

Fulton County Commissioners: John H. Eaves, Liz Hausmann, Bob Ellis, Lee Morris, Joan P. Garner, Marvin S. Arrington, Jr., and Emma I, Darnell (collectively "Defendants"). Sheriff Jackson and the Commissioners are sued solely in their official capacities. Broadly, Plaintiffs allege that Defendants use a "rollover" scheme to rob Fulton County Sheriff's Office employees of "hours of accumulated overtime, vacation and compensatory time."

Plaintiffs filed this suit on February 19, 2016, and Defendants waived service on March 18, 2016. Plaintiffs then filed a First Amended Complaint [12-1] on April 9, 2016, purportedly under Federal Rule of Civil Procedure ("Rule") 15(a)(1)(B). A central question in Defendants' Motion to Dismiss [20] is whether Plaintiffs properly filed their First Amended Complaint. Because that question controls which complaint is "operative" here, the Court will address that question first.

## I.   Plaintiffs' Attempt to Amend the Complaint

Rule 15(a) governs the timeline for amending pleadings before trial. It says:

> (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is
required, 21 days after service of a responsive pleading or
21 days after service of a motion under Rule 12(b), (e), or
(f), whichever is earlier.

(2) *Other Amendments.*  In all other cases, a party may amend its
pleading only with the opposing party's written consent or the
court's leave . . . .

FED. R. CIV. P. 15(a)(1)-(2).  When Plaintiffs filed their First Amended

Complaint, they indicated that they were doing so as a matter of course under

Rule 15(a)(1)(B).  But at that time, Defendants had not yet filed a "responsive

pleading," nor a "motion under Rule 12(b), (e), or (f)."  FED. R. CIV. P.

15(a)(1)(B).  As a result, Defendants argue that it was impossible for Plaintiffs

to amend their complaint under Rule 15(a)(1)(B).

Even if that is true, the First Amended Complaint was properly filed

under Rule 15(a)(1)(A).  Rule 4(d)(4) says that "[w]hen the plaintiff files a

waiver [of service], proof of service is not required and *these rules apply as if a*

*summons and complaint had been served at the time of filing the waiver.*"  FED.

R. CIV. P. 4(d)(4) (emphasis added).  Here, Defendants' waivers of service were

filed on March 22, 2016.  So the rules apply as though Defendants were served

3

on that date.  Thus, per Rule 15(a)(1)(A), Plaintiffs were permitted to amend as a matter of course within 21 days after March 22, 2016.  They filed their First Amended Complaint on April 9, 2016, well within that 21 day period.  Accordingly, Plaintiffs' First Amended Complaint was properly filed and is the "operative complaint" in this case.

## II.   Allegations in the First Amended Complaint

Plaintiffs are all current or former employees of the Fulton County Sheriff's Office.  They include deputy sheriffs, custodial officers, clerks, and other non-emergency administrative employees.  Their allegations are best summarized like this: under the County's policies, the County is unjustly enriched "by rolling over the employee's overtime, compensatory time and vacation time into a category labeled sick time and then requiring the employee to forfeit all or part of the sick time upon leaving the County."  (First Am. Compl., Dkt. [12-1] ¶ 17.)

To support their allegations, Plaintiffs rely on a number of the County's human resources policies.[1]  The precise connection between many of those

---

[1] None of these policies are attached to the Complaint or the First Amended Complaint, so, in citing them, the Court is relying on Plaintiffs' bare allegations.

4

policies is not clear. Plaintiffs quote them one after the other, with little explanation of how they fit together. Still, the Court will attempt to provide a fair account of Plaintiffs' allegations.

At the outset, Plaintiffs cite a policy that entitles employees who work overtime or on holidays to "*either* overtime pay at 1.5 times their regular salary rates, *or* compensatory time at 1.5 hours for each hour worked." (Id. ¶ 18 (emphasis added).) Plaintiffs allege that Fulton County has "active policies" forcing Sheriff's office employees to take compensatory time rather than overtime pay, even though it is supposed to be the employees' choice. (Id. ¶ 19.)

Plaintiffs next cite several policies allegedly showing the improper "rollover" scheme. First, Plaintiffs cite a policy saying that "all personal (vacation) leave taken shall be charged by such employees to their accrued compensatory time balances." (Id. ¶ 21.) Plaintiffs then move to a policy that sets out the rates at which each category of employees accrue vacation leave, but that also caps vacation leave at "a maximum number of standard hours," and says that "any accrued vacation leave in excess of that amount may be added to earned/accrued sick leave balances." (Id. ¶ 22.) Plaintiffs appear to

AO 72A
(Rev.8/82)

Case 1:16-cv-00533-MLB   Document 33   Filed 03/17/17   Page 6 of 13

allege that these two policies together result in the accumulation of excess vacation time because employees are forced to use compensatory time instead of vacation time. (Id. ¶ 24.) Then, once employees begin accruing vacation time in excess of their capped amount, that vacation time is "rolled over" into sick leave. (Id.) According to Plaintiffs, that "rollover" is problematic because when employees leave Fulton County's employment before retirement, they are not paid for their sick leave even though it includes "vacation, holiday and possibly compensatory time earned." (Id. ¶ 28.) Likewise, Plaintiffs allege that employees who retire early are limited in the amount and way in which they can use their accumulated sick leave. (Id. ¶ 29.)

Finally, Plaintiffs include a few separate allegations about holiday pay. They allege that Fulton County's holiday pay policies are such that employees are given holiday pay, "but also charged against their compensatory time for the hours." (Id. ¶ 33.) Plaintiffs also allege that "plaintiffs are given the holiday pay, but if they work overtime during the same pay period they are not paid for the overtime hours unless they are also charged against their compensatory time for the hours." (Id. ¶ 34.)

Based on these allegations, Plaintiffs claim that Sheriff's office

AO 72A
(Rev.8/82)

employees have been forced to forfeit thousands of hours of accumulated overtime and compensatory time, all in violation of the FLSA.  They bring five counts, but none of the counts clearly identify specific causes of action. Instead, Plaintiffs repeat their allegations about the rollover scheme, allege that they are "contract employees of Fulton County," and appear to claim that Defendants breached their "contracts" with Plaintiffs by failing to compensate them properly.  While Plaintiffs broadly claim that Defendants violated the FLSA, they do not cite any specific provisions within that statute.

## Discussion

### I.    Plaintiffs' Motion to Certify Class [14]

Plaintiffs seek an order certifying this case as a class action under Rule 23.  The FLSA, however, includes a collective action provision distinct from the class action mechanism found in Rule 23.  See 29 U.S.C. § 216(b) ("An action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."); see also Calderone v. Scott, 838 F.3d 1101, 1103-04 (11th Cir. 2016) (discussing the differences between an FLSA collective action and a Rule 23(b)(3) class action and noting that they are "fundamentally different

7

creatures"). The requirements for certification of a class under Rule 23 are different from those for certification of a collective action under § 216(b) of the FLSA. See, e.g., Grayson v. K Mart Corp., 79 F.3d 1086, 1106 (11th Cir. 1996) ("[T]he requirements for satisfying Rule 23 are considerably more involved than is the unitary 'similarly situated' requirement of . . . [§ 216(b)]."). Plaintiffs' motion does not cite § 216(b), and Plaintiffs' arguments relate solely to considerations under Rule 23. Considering the "fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA [§ 216(b)]," LaChapelle v. Owens-Illinois, Inc., 513 F.2d 286, 288 (5th Cir. 1975),"[2] Plaintiffs' motion is brought under the wrong standard and is thus **DENIED without prejudice to refile**.

## II.   Defendants' Motion to Dismiss or for a More Definite Statement [20]

In their motion, Defendants insist that Plaintiffs' First Amended Complaint is procedurally improper because Plaintiffs could not file an amendment as a matter of course and thus needed the Court's permission. Defendants expressly note that their motion is "responding to Plaintiff's

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit decided before October 1, 1981.

8

original complaint, as Plaintiffs did not have permission to file an Amended Complaint." (Defs.' Mot. to Dismiss, Dkt. [20] at 2 n.1.)

As discussed above, Plaintiffs' First Amended Complaint *was* properly filed under Rule 15(a)(1)(A) and is the operative complaint.  Because Defendants' motion only addresses the original Complaint [1], it is **DENIED as moot**.  That being said, Defendants' motion has prompted the Court to review Plaintiffs' First Amended Complaint.  Having done so, the Court sees several problems that must be corrected before this case can move forward. Those problems are discussed below.

### III.   Plaintiffs Must Replead

Courts may order repleading *sua sponte* when the complaint is a shotgun pleading and the plaintiffs have failed to connect their causes of action to the facts alleged.  See Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1280 (11th Cir. 2006).  A shotgun pleading is one that, among other things, violates Rule 8(a)(2)'s requirement that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  See Genesis NYC Enters., Inc. v. JAI Grp., SA, No. 1:15-cv-23877-KMM, 2016 WL 1588397, at *2 (S.D. Fla. Apr. 20, 2016); see also Weiland v. Palm Beach Cty. Sheriff's

9

Office, 792 F.3d 1313, 1320 (11th Cir. 2015) ("Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often . . . referred to as 'shotgun pleadings.'").  The problem with shotgun pleadings is that they make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."  Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996).

Plaintiffs' First Amended Complaint is a shotgun pleading because it includes five ambiguous and repetitive "counts" that fail to put Defendants on notice of the claims against them.  See Chandler v. Volunteers of Am., Se., Inc., No. CV-12-S-3701-NW, 2013 WL 4058078, at *2 (N.D. Ala. Aug. 12, 2013) (discussing, in the context of a shotgun pleading, how the purpose of Rule 8(a)(2) is to give defendants fair notice).  Plaintiffs attempt to state a claim under the FLSA, yet they never even cite that statute.  To successfully plead such a claim, Plaintiffs must identify the specific provision or provisions within the FLSA that Defendants allegedly violated.  Then they must link their factual allegations to those provisions.  See Frantz v. Walled, 513 F. App'x 815, 821 (11th Cir. 2013) ("The amended complaint's failure to link factual allegations to specific counts makes it a quintessential shotgun pleading.").  As

10

for their breach of contract claim, Plaintiffs never identify *what* contract or

contracts are at issue, the provisions of those contracts, or specifically *how*

Defendants breached them.  Instead, they allege, throughout different counts,

that "Plaintiffs are contract employees of Fulton County," "[t]he County

contracts to compensate the Plaintiffs and other employees," and that "[t]he

Defendants have breached the contract with the Plaintiffs."  (First Am. Compl.,

Dkt. [12-1] ¶¶ 50, 58, 68.)  None of those allegations pass muster under Rule

8(a)(2).

        Plaintiffs also leave much ambiguity as to which Defendants are

responsible for which acts.  See Regenicin, Inc. v. Lonza Walkersville, Inc.,

997 F. Supp. 2d 1304, 1310 (N.D. Ga. 2014) ("Shotgun pleadings also fail to

specify which defendant is responsible for each act alleged.").  In most

paragraphs, Plaintiffs appear to be lodging allegations against Fulton County

alone.  In a few paragraphs, however, Plaintiffs abruptly shift to the general

term "Defendants" with no apparent explanation.  (See, e.g., First Am. Compl.,

Dkt. [12-1] ¶¶ 44-45, 68.)  And aside from those general references to

"Defendants," Sheriff Jackson is only mentioned in one paragraph of one

count, (see id. ¶ 59), and the Commissioners are not mentioned in the counts at

all.

Because of these problems, Plaintiffs must replead and are **DIRECTED** to file a second amended complaint within **fourteen days** of the date of this Order. In drafting that complaint, Plaintiffs must carefully correct each of the problems identified above. It is particularly important for Plaintiffs to identify their counts with specificity—including specific references to the relevant FLSA provisions—and to clarify how each Defendant is responsible for each act alleged. If Plaintiffs fail to follow the Court's instructions in repleading, they risk dismissal. See Goodison v. Washington Mut. Bank, 232 F. App'x 922 (11th Cir. 2007) (finding that the district court did not abuse its discretion in dismissing an amended complaint because the plaintiff "failed to make meaningful modifications to her complaint in order to comply with Rule 8(a)(2) and "continued to employ a 'shotgun approach' to pleading"). Once Plaintiffs file their second amended complaint, Defendants are **DIRECTED** to file an answer or a motion to dismiss within **twenty one days** thereafter.

### Conclusion

As discussed above, Plaintiffs' Motion to Certify Class [14] is **DENIED** and Defendants' Motion to Dismiss or for a More Definite Statement [20] is

**DENIED as moot**. Plaintiffs are **DIRECTED** to file a second amended complaint within **fourteen days** of the date of this Order. Defendants must then file an answer or a motion to dismiss within **twenty one days** thereafter.

**SO ORDERED**, this _17th_ day of March, 2017.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

13