IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TRACEY CUNNINGHAM, et al., : | |
| : | |
| Plaintiffs, : | |
| : | CIVIL ACTION |
| v. : | NO. 1:16-CV-533-RWS |
| : | |
| FULTON COUNTY, et al., : | |
| : | |
| Defendants. : | |

# ORDER

The captioned case is before the court for consideration of defendants' motion to dismiss plaintiffs' Second Amended Complaint [37] and plaintiffs' second motion for determination of class certification [36].

**I.  Facts**

On February 19, 2016, plaintiffs filed this action alleging that defendants use a "rollover" scheme to deprive them of pay for accumulated overtime, vacation, holiday, and sick time.  More specifically, plaintiffs allege that under the County's policies, the County is unjustly enriched "by rolling over the employee's compensatory time, overtime, and vacation time into a category labeled sick time and then requiring the employee to forfeit all, or part of, the sick time upon leaving." (Second Am. Compl. ¶ 38.)  In so doing, plaintiffs claim that defendants have violated the Fair Labor Standards Act (the "FLSA") and breached contracts.  (*Id.* at

¶ 1.) Plaintiffs include over five hundred current and former employees of the Fulton County Sheriff's Office. They include deputy sheriffs, custodial officers, clerks, and other non-emergency administrative employees. Plaintiffs' initial complaint was against Fulton County, Georgia (the "County"), Fulton County Sheriff Theodore Jackson ("Sheriff Jackson"), and seven Fulton County Commissioners. Plaintiffs filed a First Amended Complaint on April 9, 2016.

On April 15, 2017, defendants filed a motion to dismiss plaintiffs' complaint, or, alternatively, a motion for a more definite statement on the grounds that the original complaint (1) was an improper shotgun pleading; (2) alleged redundant official capacity claims against individual employees and Fulton County; (3) failed to identify plaintiffs' proper employer; and (4) violated the doctrines of sovereign immunity and Eleventh Amendment immunity. On March 17, 2017, this court entered an order denying defendants' motion to dismiss the original complaint as moot because plaintiffs had amended the complaint (the "Order"). However, in the Order, the court found, among other things, that the First Amended Complaint was an impermissible "shotgun pleading" and directed plaintiffs to replead, "carefully correct[ing] each of the problems identified [in the Order]." (Order at 12.) On March 31, 2017, plaintiffs filed a Second Amended Complaint. On April 21, 2017, defendants filed their motion to dismiss plaintiffs' Second Amended Complaint. On

June 14, 2017, plaintiffs moved to dismiss seven Fulton County Commissioners, which was granted on July 14, 2017.

## II.   Legal Analysis

### A.   Motion to dismiss

Defendants assert that plaintiffs' Second Amended Complaint must be dismissed because plaintiffs have failed to correct the pleading deficiencies this court specifically identified in the Order and otherwise have failed to adequately state a claim against defendants. On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint's factual allegations are assumed true and construed in the light most favorable to the plaintiff. *Hardy v. Regions Mortgage, Inc.*, 449 F.3d 1357, 1359 (11th Cir. 2006); *M.T.V. v. DeKalb County Sch. Dist.*, 446 F.3d 1153, 1156 (11th Cir. 2006). The rules of notice pleading require only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(1)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). *See also Fin.*

*Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007) (though notice pleading does not require specific facts to be pled for every element of a claim or that claims be pled with precision, "it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory'") (citations omitted). "Broad conclusory allegations are inadequate even under the liberal pleading rules of the Fed. R. Civ. P." *Williams v. Lear Operations Corp.*, 73 F. Supp. 2d 1377, 1380-81 (N.D. Ga. 1999).

In addition, Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails . . . to comply with . . . a court order, a defendant may move to dismiss the action . . . [and] a dismissal . . . operates as an adjudication on the merits." Dismissal is appropriate where the plaintiff "fail[s] to make meaningful modifications to her complaint in order to comply with Rule 8(a)(2) . . . [and] continue[s] to employ a 'shotgun approach' to pleading." *Goodison v. Washington Mut. Bank*, 232 F. App'x 922, 922 (11th Cir. 2007) (finding that the district court did not abuse its discretion in dismissing an amended complaint). In the Order, this court expressly found that plaintiffs' First Amended Complaint was a shotgun pleading that failed to connect the causes of action to the facts alleged and contained vague and redundant counts that failed to put defendants on notice of the claims against them. (Order at 10.) In

directing plaintiffs to "carefully correct" the deficiencies identified in the Order, the court pointed out that "[i]t is particularly important for Plaintiffs to identify their counts with specificity . . . and to clarify how each Defendant is responsible for each act alleged." (*Id.*)  The court warned that if plaintiffs failed "to follow the court's instructions in repleading, they risk dismissal." (*Id.*)

While plaintiffs appear to have corrected some of the deficiencies, the Second Amended Complaint still contains problems. Plaintiffs' Second Amended Complaint still includes "ambiguous and repetitive counts" and lumps causes of action into three ambiguous counts without specifying the cause of action encompassed.[1]  The allegations in the Second Amended Complaint, as in the first, lack the specificity by which each defendant could identify the alleged wrongful conduct for which each plaintiff is seeking to impose liability.  In this regard, dismissal of seven Fulton County Commissioners does narrow the issues substantially because the only remaining defendants are Sheriff Jackson and the County.  With respect to their breach of contract claim, plaintiffs have again failed to identify the contract or the terms and provisions of the contract that they allege are breached, and they have

---

[1] In addition to failing to comply with this court's order, this also violates Federal Rule of Civil Procedure 10(b), which generally requires that each claim be stated in a separate count. *See Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996) (noting that the complaint "was framed in complete disregard of the principle that separate, discrete causes of action should be plead in separate counts").

failed to specify how each defendant breached them. However, plaintiffs have alleged that "[t]he terms of employment identifying the Plaintiffs' rights and benefits are set forth in written policies created and maintained by Fulton County," that "[t]he County and Sheriff Jackson violated the terms of the contract," and that defendants violated numerous policy provisions. (Second Am. Compl. ¶¶ 18, 23, 25, 67.) Though plaintiffs have failed to cure all of the deficiencies, nothing in the record suggests bad faith or motive. Plaintiffs' Second Amended Complaint "is not a paragon of notice pleading, but [the court finds that] it is good enough." *Bell v. Florida Highway Patrol*, 325 F. App'x 758, 760 (11th Cir. 2009). Because plaintiffs have pled "enough [facts] to raise the right to relief above the speculative level," the court is reluctant to impose the severe sanction of dismissal for failure to comply with this court's order. *Twombly*, 550 U.S. at 555.

Defendants then argue that, even if the court were to allow this case to proceed, the County and Sheriff Jackson must be dismissed as a matter of law. Actions for money damages against states or state officials acting in their official capacities are barred by the Eleventh Amendment. *Manders v. Lee*, 338 F.3d 1304, 1311 (11th Cir. 2003). "The Eleventh Amendment applies not only to the state, but to a defendant who acts as an "arm of the state." *Kicklighter v. McIntosh County Board of Comm'rs*, 694 F. App'x 711, 714 (11th Cir. 2017). "[W]hether a defendant is an 'arm of the

6

state' must be assessed in light of the particular function in which the defendant was engaged when taking the action out of which the liability arose." *Dukes v. Georgia*, 428 F. Supp. 2d 1298, 1318 (N.D. Ga. 2006). In *Manders*, the Eleventh Circuit articulated four factors to be applied in determining whether a state entity is an 'arm of the state': "(1) how State law defines the entity; (2) what degree of control the State maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity." *Manders*, 338 F.3d at 1309.

Plaintiffs are suing Sheriff Jackson in his official capacity. (Second Am. Compl. ¶ 9.) The function at issue in this action is the compensation of employees under the FLSA. The first *Manders* factor weighs in favor of immunity when the authority to engage in the function at issue is derived from the State. In Georgia, a sheriff "is an elected, constitutional officer; he is subject to the charge of the General Assembly and not an employee of the county commission." *Randolph County v. Wilson*, 260 Ga. 482, 482 (1990). Sheriffs in Georgia derive their duties and power from the Sate, are independent from the counties that they serve, and derive their authority to make employment decisions from the State. *Pellitteri v. Prine*, 776 F.3d 777, 780 (11th Cir. 2015). Consequently, the first factor weighs in favor of finding that Sheriff Jackson in his official capacity is an "arm of the State."

The second factor weighs in favor of immunity because the State of Georgia exercises substantial control over a sheriff's personnel decisions through the governor's power to discipline a sheriff for misconduct and mandatory annual trainings. *Manders*, 338 F.3d at 1309. In addition, "the State of Georgia exercise[s] a great deal of control over the hiring and firing of deputy sheriffs, especially through the certification process for peace officers . . . including deputy sheriffs." *Pellitteri*, 776 F.3d at 781. The third factor in the Eleventh Amendment analysis does not weigh against immunity because, even though the county bears the major burden of providing funds to the sheriff's office, including the salaries of the sheriff and his deputies, it is the State that mandates that counties set a budget for the sheriff's office. *Manders*, 338 F.3d at 1323 (citing O.C.G.A. §§ 36-9-5, 42-5-2(a), 15-16-20, 45-4-7). Moreover, "although each county sets the total budget for the sheriff's office, it cannot dictate how the sheriff spends those funds." *Pellitteri*, 776 F.3d at 782. The final factor, however, weighs against immunity because "any adverse judgment against Sheriff [Jackson] will be paid out of the budget of the [Fulton] County Sheriff's Office, which is composed of both County and State funds." *Id.* "[T]o the extent that the state treasury will be spared . . . from paying any adverse judgment, this factor weighs in favor of denying immunity." *Id.* As the Eleventh Circuit

concluded,[2] so this court concludes that on balance, Sheriff Jackson, in his official capacity, was acting as an "arm of the State" when exercising his power in the Sheriff's office to make compensation decisions.

This conclusion is supported by the holdings of the Eleventh Circuit. In *Manders*, the court held that a Georgia sheriff was an arm of the State "in establishing use-of-force policy at the jail and in training and disciplining his deputies in that regard." *Manders*, 338 F.3d at 1328. In *Pellitteri*, the court held that a Georgia sheriff was an arm of the State entitled to Eleventh Amendment immunity for wrongful terminations claims brought against him in his official capacity under § 1983 and the Americans with Disabilities Act. *Pellitteri*, 776 F.3d at 783. Both of these cases, like this case, concern employment-related decisions (i.e., hiring, assignment, and compensation). Compensation is a function of "employee-related decisions." *Walker v. Jefferson County Bd. of Educ.*, 771 F.3d 748, 757 (11th Cir. 2014). "Despite being distinguishable, [functions of hiring, firing, and compensation of employees] have been treated as one for purposes of the *Manders* inquiry." *Kicklighter v. Goodrich*, 162 F. Supp. 3d 1363, 1376 (S.D. Ga. 2016), *aff'd* 694 F.App'x 711 (11th Cir. 2017) (holding that a county clerk sued in her official capacity

---

[2] In *Pellitteri*, the Eleventh Circuit found that the first three *Manders* factors weighed in favor of finding that the sheriff was a state actor and thus entitled to Eleventh Amendment immunity even though the fourth factor weighted against immunity. *Pellitteri*, 776 F.3d at 783.

9

was "protected against Plaintiff's FLSA claim for damages" because the *Manders* analysis weighed in favor of immunity in the context of § 1983 claims against her). Accordingly, Sheriff Jackson in his official capacity is entitled to Eleventh Amendment immunity.

Defendants next assert that plaintiffs' FLSA claims against the County must be dismissed because the County is not plaintiffs' employer. "[P]laintiffs' employment-based claims against the County fail if there was no employer-employee relationship." *Kicklighter*, 694 F. App'x at 713. Under the FLSA, an "employee" is defined as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). An "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency." 29 U.S.C. § 203(d). To "employ" is defined as to "suffer or permit to work." 29 U.S.C. § 203(g). The Supreme Court has held that a judicial determination regarding an employment relationship under the FLSA should be assessed in light of the "economic reality" of the relationship between the parties. *Villareal v. Woodham*, 113 F.3d 202, 205 (11th Cir. 1997). The economic reality test considers: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.*

It is well established in Georgia that a Sheriff, not the county, employs his or her deputies. *See Manders*, 338 F.3d at 1311. In Georgia, the sheriff's office is a separate, constitutionally created entity that is independent from the county. *Ga. Const. art. IX*, § 2, ¶ 1(c)(1). "In Georgia, . . . [a] County does not, and cannot, direct the Sheriff how to . . . hire, train, supervise, or discipline his deputies, what policies to adopt, or how to operate his office." *Grech v. Clayton County, Georgia*, 335 F.3d 1326, 1347 (11th Cir. 2003). "Georgia's Constitution . . . prevents counties from taking any action affecting any elective county office or the personnel thereof." *Manders*, 338 F.3d at 1323-24 (citing *Ga. Const. art.* IX, § 2, ¶ 1(c)(1)). Sheriff Jackson was a constitutionally-elected officer. The Georgia Supreme Court has stated that "employees of constitutionally elected officers of a county are considered employees of the elected officer and not employees of the county." *Boswell v. Bramlett*, 274 Ga. 50, 51 (2001). Where, as here, a sheriff acts as an arm of the State, his acts are not attributable to the county. *Grech*, 335 F.3d at 1347. Plaintiffs have not alleged any facts to support the conclusion that the County is an "employer" under the FLSA. *See Kicklighter*, 162 F. Supp. 3d at 1377 (holding that McIntosh County is not an employer for FLSA purposes). Accordingly, plaintiffs' FLSA claims against the County must be dismissed.

Defendants then assert that plaintiffs' claims for declaratory and injunctive relief are barred by the doctrine of sovereign immunity. Under the Constitution of the State of Georgia, "sovereign immunity extends to the state and all of its departments and agencies," and "can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of the waiver." *Ga. Const. art.* I, § 2, ¶ 9(e). *See DeKalb County v. Kirkland*, 329 Ga. App. 262, 265 (2014). The Georgia Supreme Court has held that "departments and agencies" of the State include counties, which are thus entitled to sovereign immunity from suits in accordance with this constitutional provision. *Rutherford v. DeKalb County*, 287 Ga. App. 366, 367 (2007). "Under Georgia law, sovereign immunity is an immunity from suit . . . and . . . whether a governmental defendant has waived its sovereign immunity is a threshold issue." *Bd. of Comm'rs of Glynn County v. Johnson*, 311 Ga. App. 867, 869 (2011) (internal citation omitted). Plaintiffs have the burden of establishing that sovereign immunity has been waived. *Kirkland*, 329 Ga. App. at 265. There is no allegation that sovereign immunity has been waived as to plaintiffs' claims for declaratory and injunctive relief. Accordingly, these claims must be dismissed.[3] *See Georgia Dept. of Natural Resources v. Center for a*

---

[3] In addition, "the right to bring an action for injunctive relief under the Fair Labor Standards Act rests exclusively with the United States Secretary of Labor." *Powell v. State of Florida*, 132 F.3d 677, 678 (11th Cir. 1998) (citing 29 U.S.C. §§ 211(a), 216(b) (1994)).

*Sustainable Coast, Inc.*, 294 Ga. 593, 603 (2014) (holding that "sovereign immunity bars [plaintiff]'s claim for injunctive relief against the State").

The court notes, however, that the Georgia Constitution has expressly waived the State's sovereign immunity for "any action ex contractu for the breach of a written contract." *Fulton County v. Lord*, 323 Ga. App. 384, 389 (2013). Here, plaintiffs allege that defendants "violated the terms of the contract" and that "[t]he terms of employment identifying the Plaintiffs' rights and benefits are set forth in written policies created and maintained by Fulton County." (Second Am. Compl. ¶¶ 67, 18.) Plaintiffs insist that "there was a written contract of agreement."[4] (Pls.' Resp. to Mot. to Dismiss Second Am. Compl. 5.) As set forth above, plaintiffs' Second Amended Complaint contains deficiencies, including the failure to identify the precise provisions of the "contract" that defendants are alleged to have breached. However, liberally construing plaintiffs' Second Amended Complaint and considering their allegations in the light most favorable to them, the court cannot conclude that plaintiffs have failed to state a claim. *See Bell v. Florida Highway Patrol*, 325 F.

---

[4] In paragraph 16 of the Second Amended Complaint, plaintiffs allege that "they are employees of Fulton County." In paragraphs 41 and 42, plaintiffs allege that the "County" and the "Sheriff's Department" are employers under the FLSA and are required to pay plaintiffs their overtime pay. In the following two paragraphs, plaintiffs allege that "Defendants" pay plaintiffs compensatory pay in lieu of overtime and that by rolling over compensatory time into sick leave "Defendants are not paying the employees their pay and/or their overtime." (Second Am. Compl. ¶¶ 41-44.)

App'x 758, 760 (11th Cir. 2009). Accordingly, the court will not dismiss plaintiffs' breach of contract claim against the County at this time. In sum, all claims are hereby dismissed except for plaintiffs' breach of contract claims against the County.

### B. Motion to Certify Class

Plaintiffs seek an order certifying this case as an FLSA collection action pursuant to 29 U.S.C. § 216(b). In denying plaintiffs' previous motion for class certification, the court advised plaintiffs that an FLSA collective action, rather than a class action pursuant to Federal Rule of Civil Procedure 23, would be more appropriate in this case. (Order at 7-8.) In light of the above rulings dismissing plaintiffs' FLSA claims, however, the appropriate class certification would be under Federal Rule of Civil Procedure 23. Accordingly, plaintiffs' motion for an FLSA class action certification is hereby denied.

With regard to class certification pursuant to Federal Rule of Civil Procedure 23, Local Rule 23.1 provides, in relevant part:

> The plaintiff shall move within ninety (90) days after the complaint is filed for a determination under Fed. R. Civ. P. 23(c)(1) as to whether the suit may be maintained as a class action. Notwithstanding the foregoing, in any class action . . . in which one or more defendants have filed a motion to dismiss pursuant to Fed. R. Civ. P. 12 in lieu of an answer to the complaint . . . the plaintiff shall move for a determination under Fed. R. Civ. P. 23(c)(1) within thirty (30) days after all defendants have filed an answer to the complaint.

LR 23.1, NDGa.  Because none of the defendants have filed an answer in this case, plaintiffs' motion for class certification is premature.  *See Gross v. Medaphis Corp.*, 977 F.Supp. 1463, 1475 (N.D. Ga. 1997) (denying motion for class certification before class discovery as premature).  Accordingly, the court hereby denies plaintiffs' motion for class certification without prejudice.

### III. Conclusion

For the foregoing reasons, the court hereby **GRANTS in part and DENIES in part** defendants' motion to dismiss plaintiffs' Second Amended Complaint [37] and **DENIES without prejudice** plaintiffs' second motion for determination of class certification [36].  The parties are **ORDERED** to file their Initial Disclosures and a Joint Preliminary Report and Proposed Discovery Plan within fourteen days.

**IT IS SO ORDERED**, this 8th day of November, 2017.

_____
**RICHARD W. STORY**
United States District Judge